## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

ABHISHEK ABHISHEK,                    )
                                      )
      Petitioner,                    )
                                      )
v.                                    )     Case No. CIV-26-1253-SLP
                                      )
CHRIS GANTT, Warden, et al.,          )
                                      )
      Respondents.                   )

## REPORT AND RECOMMENDATION

Petitioner Abhishek Abhishek, a noncitizen[1] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of India, entered the United States on April 14, 2023, without inspection or admission near Lukeville, Arizona, and he was taken into immigration custody shortly thereafter. Pet. at 3; Doc. 1-1 at 1 (Notice to Appear). On May 19, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 3; Doc. 1-1 at 1. Also on May 19, 2023, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226. Pet. at 3; Doc. 1-2 at 1 (Order of Release on Recognizance). In May 2023, Petitioner filed an application for asylum, which remains pending. Pet. at 3; *see* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 30, 2026) (stating the "case is pending"). Petitioner alleges he has not violated any terms of his release, including attending immigration hearings and obtaining work authorization. Pet. at 3-4.

On May 26, 2026, ICE re-detained Petitioner pursuant to a warrant. *Id*. at 4; Doc. 11-2 (Warrant for Arrest of Alien). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 3. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 7.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 30, 2026).

## II.    <u>Petitioner's Claims</u>

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like him, who previously entered the country, have been residing in the United States, and were previously released under § 1226(a). Pet. at 22-23.  Petitioner also alleges his re-detention without a warrant violates the INA.  *Id.* at 23.

- **Count II: Violation of Due Process**.  Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process.  *Id*. at 23-24.

He asks the Court to

> [i]ssue a writ of habeas corpus requiring that Respondents release [him] immediately, and not re-detain [him] without a pre-deprivation hearing with adequate advance notice and with the burden of proof on the government, or in the alternative, that Respondents release [him] immediately pending a bond hearing to be held pursuant to 8 U.S.C. § 1226(a) within 5 days at which the government bears the burden to demonstrate, by clear and convincing evidence, that [he] is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, the petitioner's ability to pay.

Pet. at 25.  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[2]  *Id*.

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

### III.    <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    <u>Analysis</u>

#### A.    **The Court has jurisdiction to consider the Petition.**

Respondents argue this Court lacks jurisdiction to consider Petitioner's due process claim, based on 8 U.S.C. §§ 1226(e) and 1252(g).  Resp. at 4-5.  However, this Court has ruled the INA does not jurisdictionally bar a habeas claim like Petitioner's because "such a claim does not arise from and is not directly connected to the commencement of removal proceedings, the adjudication of removability, or the execution of any removal order."  *Gonzalez Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at \*3 (W.D. Okla. Jan. 20, 2026) (citation modified).  Further, § 1226(e) does not deprive the Court of jurisdiction over constitutional claims or questions of law concerning the statutory basis for detention.  *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at \*2 (W.D. Okla. Feb. 6, 2026) (finding "[§] 1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law").  While the undersigned concludes the Court does not need to reach Petitioner's due process claim, the undersigned concludes jurisdiction exists to consider Petitioner's habeas challenges to his detention.

**B.    Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges § 1225(b)(2)(A) does not apply to noncitizens like him "who entered the United States, were released on their own recognizance, and then resided in this country prior to being re-detained by Respondents." Pet. at 22-23. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A). Resp. at 3.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026). In *Santillan Quiroz,* the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are

5

categorically unable to seek admission while they remain in the country." *Id.* at \*7 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at \*5. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at \*3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at \*1 (W.D. Okla. July 7, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 2026 WL 1876709, at \*6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

---

[3] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

6

### C.      The proper remedy is a bond hearing.

Petitioner seeks immediate release or, alternatively, immediate release pending a bond hearing at which the government bears the burden of proof.  Pet. at 25.  The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a).  *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Kumar*, 2026 WL 1960943, at *2 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing").  Further, Judges in this District, including this Court, have consistently declined to order burden shifting.  *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim).  Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period. [4]

### D.      The Court should decline to address Petitioner's due process claim.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process.  Pet. at 23-24.  If the Court grants habeas relief to Petitioner with a

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing.  *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering

bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim based on his continued detention. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).[5]

## V.      Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 6, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 11, 2026**. *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

[5] To the extent Petitioner also alleges he was detained without a warrant, Pet. at 3-4, 16, Respondents provided Petitioner's arrest warrant dated May 26, 2026—the same day of his re-detention. Doc. 11-2 (Warrant for Arrest).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE